UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| WILLIAM P. SADULSKY, et. al., )<br>  )<br>   Plaintiffs, )<br>  )<br>v. )<br>  )<br>  )<br>TOWN OF WINSLOW, et al., )<br>  )<br>   Defendants. ) | No. 1:14-cv-0001-JHR |

**ORDER ON BILL OF COSTS**

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs …should be allowed to the prevailing party." As determined by the Court and the jury, Defendants are the prevailing party in this case. *Judgment* (ECF No. 133). Expenses that may be taxed are specified in 28 U.S.C. § 1920, but the costs must be "necessarily incurred in the case," pursuant to 28 U.S.C. § 1924. Defendants seek costs in the total amount of $4,399.69 for transcript fees, witness fees and exemplification and copy costs. *Bill of Costs*, (ECF No. 136).  Plaintiffs have objected to the Bill on the basis of unreasonableness and necessity as well as the chilling effect of awarding costs in this type of case. *Plaintiff's Objection to Bill of Cost*, (ECF No. 137). Having made an independent review of Defendants' Bill of Costs as well as Plaintiffs' response in opposition, the Clerk of Court hereby taxes against Plaintiffs the total amount of two thousand six hundred eighty-six dollars

and eighty-five cents ($2,686.85).  Certain claimed costs are hereby excluded as explained herein.

   I.    Public Interest and Cost Recovery

Plaintiffs argue that the important public interest of allowing civil suits where there are allegations of excessive force or misuse of government power warrants not taxing Defendants' costs against them.  Plaintiffs aver that "tag[ging]" defense costs against meritorious plaintiffs attempting to hold public officials accountable will chill the future prosecution of these types of cases and will harm the public good.  *Id*. at pp. 1-2.

The starting point for consideration is that the First Circuit has interpreted Rule 54(d)(1) as creating a presumption that "favor[s] cost recovery for prevailing parties."  *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 28 (1st Cir. 2008); *Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988) ("presumption inherent in Rule 54(d)"); *See also Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Envtl. Prot.*, 31 F.3d 18, 28 (1st Cir. 1994) ("Prevailing parties are normally entitled to costs."); and *In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993) ("[T]his negative discretion…operates in the long shadow of a background presumption favoring cost recovery for prevailing parties."). While the First Circuit permits that "a district court may…exercise its discretion to disallow a prevailing party's bill of costs in whole or in part," the trial court must "articulat[e] reasons" to do so.  *In re Two Appeals*, 994 F. 2d at 963.

Thus, the directive of Rule 54(d)(1) is a difficult burden to overcome, and the Clerk is unpersuaded by Plaintiffs' argument. The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs regardless of the type of suit. The rule's emphasis is found in the statement "[u]nless a federal statute, these rules or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1) (emphasis added).

Additionally, this Court has generally disallowed the taxation of costs to a prevailing party only in circumstances of demonstrated financial hardship. Other courts consider scant few additional arguments. Some courts delineate that "only misconduct by the prevailing party…or the losing party's inability to pay will suffice to justify denying costs." *Cherry v. Champion Intern. Corp.,* 186 F.3d 442, 446 (4th Cir. 1999) quoting *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir.1988). *See also In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449 (3rd Cir. 2000); *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985) [describing the denial of costs as "in the nature of a penalty" (internal quotation marks and citation omitted)] and *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir.1980).

Plaintiffs' good faith claim and their pursuit of important statutory rights "does not provide a sufficient basis to avoid the presumptive taxation of costs." *Cherry*, 186 F.3d at 446. Considering the intent and basis of a suit in order to deny the taxation of costs would frustrate the operation of Rule 54(d)(1) and would require the Court to engage in value judgments. The express language in the first

clause of Rule 54(d)(1) does not provide for such value judgments without express provision by rule or statute. Fed. R. Civ. P. 54. "Rule 54(d)(1) should not be interpreted to include a public interest exception as defined by the judiciary on a case by case basis." *Cherry* at 448.

II.    Court Reporter Fees and Deposition Costs

Transcript fees are taxable to the extent that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In this case, Defendants have requested fees for court reporter transcripts and exhibits related to five depositions, those of Haley Fleming, Joshua Veilleux, Michael Michaud, William and Sandra Sadulsky and Michael Curran. Plaintiffs have objected to the costs related to the Curran deposition because it was expedited and costly. Based upon a review of the docket in this case, each of the depositions was necessarily obtained in that they were either used at trial or used and cited to in Defendants' motion for summary judgment. *Memorandum of Law in Support of Bill of Costs*, p. 3 (ECF No. 136-1).

While each of the depositions was necessarily obtained, some of the associated costs for the depositions will not be taxed. Postage, emailing, shipping and handling costs for the delivery of depositions are considered ordinary business expenses that may not be charged as taxable costs in relation to obtaining transcripts. *Alexander v. CIT Technology Financing Services, Inc.*, 222 F. Supp. 2d 1087 (N.D. Ill. 2002); *See also Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F.Supp.2d 684 (E.D. Tex. 2007) and *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898 (D. Kan., 2007). Thus, Defendants' costs for deposition transcripts will be

reduced by $50, the total amount of postage and handling fees charged for each of the five depositions.

Plaintiffs object to the cost of the Dr. Curran deposition. They say that its costs should not be awarded because it was produced in an expedited manner, in part because defense counsel would not agree to a reasonable accommodation in the trial schedule and because of the need to schedule the deposition later in the process - right before trial - in order to accommodate schedules. *Plaintiff's Objection to Bill of Cost*, p. 3, (ECF No. 137). Defendants say the expedited transcript was necessary because "Plaintiffs scheduled the deposition to occur four days before the first day of trial," and the deposition was necessary because the witness could not attend trial. *Id.*

According to the documentation provided by Defendants, it appears that the Curran transcript was produced at an expedited page rate of $4.63 per page while the other four transcripts were produced at an average rate of $2.50 per page. *Documentation in Support of Bill of Costs*, pp. 7-11 (ECF No. 136-2). The expedited rate represents an extra cost for a transcript which "is not taxable unless prior court approval of expedition has been obtained or the nature of the litigation necessitates expedited receipt." *Fogleman v. ARAMCO*, 920 F.2d 278 at 286 (5th Cir. 1991). *See also U.S. v. Davis,* 87 F.Supp. 2d 82, 90, (D.R.I. 2000); *Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority*, 193 F.R.D. 26, 40 (D.P.R. 2000) ("..an expedited transcript, without explanation…for its necessity, is a mere convenience for counsel"); *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964); *Sun Ship, Inc.*

*v. Lehman*, 655 F.2d 1311, 1318 n.48 (D.C. Cir. 1981) (overnight transcription of depositions disallowed when purely for convenience of counsel); and *Hill v. BASF Wyanotte Corp.*, 547 F. Supp. 348, 352 (E.D. Mich. 1982) (no showing of need for expedited transcript of deposition and disallowing daily transcript due to no prior court approval).  While Defendants have attempted to explain the necessity of the expedited rate, Plaintiffs have alleged that the rate was necessary because of decisions of counsel or scheduling problems.  Where the facts supporting necessity in this case are debatable, the Clerk finds that the burden to demonstrate necessity has not been met and that the "[a]dditional charges incurred merely for the convenience of one party's counsel should not be taxed to the other." *Fogelman* at 286.  Therefore, because the parties agree that the Curran transcript was necessary, Defendants' costs for the transcript will be taxed at the reduced, standard rate rather than the expedited rate.  The Clerk will apply the standard rate of $2.50 per page rather than expedited rate of $4.62 per page, resulting in a total taxed cost of $161.25 for the Curran deposition ($152.50 for the transcript and $8.75 for the copies).

      Therefore, the total amount to be taxed for transcripts is $1,423.25.

    III.    <u>Fees for Witnesses</u>

      Defendants seek witness fees and disbursements related to the necessary attendance of witnesses Haley Fleming, Joshua Veilleux and Michael Michaud, all of whom appeared at trial.  *Witness List* (ECF No. 127).  Defendants seek (1) mileage for Fleming's travel to trial each day, (2) the cost of Michaud's flight to

Maine, and (3) reimbursement for overtime costs that were incurred by the Town of Winslow to have officers Veilleux and Fleming present for trial.  Plaintiffs object to the overtime costs because Defendants had sufficient advance notice to have the officers' schedules adjusted to avoid overtime and accommodate trial.  Plaintiffs also object to the witness fees of Michaud, saying that it is "inappropriate for Defense counsel to seek reimbursement of Mr. Michaud's travel costs, when he was under no legal obligation, either by the Court, Plaintiffs or Defendants, to appear." *Plaintiff's Objection to Bill of Cost*, p. 4, (ECF No. 137).

Under 28 U.S.C. § 1920(3), certain witness fees are taxable as costs if the witness appeared at trial, but 28 U.S.C. § 1821 limits a federal court to taxing only those costs permitted therein.  The Supreme Court has said when "a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 at 439 (1987).  The statute allows for reimbursement of a witness attending trial in the amount of $40.00 per day for attendance [28 U.S.C. § 1821(b)]; reimbursement for actual expenses of travel, utilizing the most economical rate reasonably available [28 U.S.C. § 1821(c)(1)]; and, when an overnight is required, reimbursement of a subsistence allowance paid to the witness in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to §5702(a) of Title 5 [28 U.S.C. § 1821(d)(1) and (2)].

Under this statutory rubric, the overtime costs incurred by Defendants to have officers Fleming and Veilleux will not be taxed. In addition, travel costs for Fleming will not be taxed because parties in interest are generally not awarded witness fees. *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 209 (D.R.I. 2008), *Barber v. Ruth*, 7 F.3d 636, 646 (7th Cir.1993); and 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2678 (3d ed.1998).

Michael Michaud's travel costs for flight and attendance fees should be reimbursed because his testimony at trial presumes his attendance was necessary for disposition of the case. Argument that Michaud's attendance was voluntary is not dispositive since his attendance was reasonably necessary and there is authority for "the allowance of fees of witnesses who attend and testify even if not subpoenaed." *Hansen v. Bradley*, 114 F.Supp. 382, 386 (D. Md. 1953); *see also Spiritwood Grain Co. v. Northern Pac. Ry. Co.*, 179 F.2d 338, 344 (8th Cir. 1950); and *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015).

Therefore, for witness fees, the Clerk will tax a total of $761.20 which includes $160 ($40 per day times four days of trial) for Joshua Veilleux, the same amount of daily attendance fees for Michael Michaud, and the claim of Michaud's flight from Minnesota to Maine at $441.20.

IV.   <u>Fees for Copies</u>

A prevailing party may recover costs for copies that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The costs are usually taxed if they were "reasonably necessary to the maintenance of the action" or furnished to

the Court and opposing counsel. *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990) and *Simmons v. O'Malley*, 235 F. Supp. 2d 442 (D. Md., 2002). Defendants have claimed the taxation of copy costs in the total amount of $563.20 and have said that the copies were largely copies of their exhibits. *Memorandum of Law in Support of Bill of Costs*, p. 4 (ECF No. 136-1). Plaintiffs object by saying that, since no outside service was used by the Town of Winslow, the cost of the copies could be inflated and that the claim is overreaching. For example, Plaintiffs note that they provided a copy of their exhibits for Defendants to use at trial even though Defendants now claim that they had to make a copy of the exhibits for use. Plaintiffs request that the copy costs be reduced by half to be a more realistic necessary expense.

Based on the documentation presented and the fact that most copies were reasonably necessary for trial, the Clerk finds no reason to doubt the validity of Defendants' claim but for the $60.80 objected to by the Plaintiffs as duplicative trial exhibits. "While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity," and Defendants otherwise have done so in this case. *Bowling v. Hasbro, Inc.*, 582 F.Supp.2d 192, 210 (D.R.I. 2008) (internal quotations and citations omitted). *See also In re Motor Freight Express*, 80 Bankr. 44 (Bankr. E.D.Pa. 1987) quoted in *In re San Juan Dupont Plaza Hotel Fire Litigation*, 111 F.3d 220, 237 (1st Cir.1997).

Therefore, the Clerk will tax copy costs in the total amount of $502.40.

## ORDER

Based on the preceding findings, the Clerk of Court hereby taxes costs in favor of Defendants in the amount of two thousand six hundred eighty-six dollars and eighty-five cents ($2,686.85).

IT IS SO ORDERED.

/s/ Christa K. Berry<br>Clerk, U.S. District Court

Dated this 27th day of May, 2016